## COMPLAINT (Moody v. NYIT et al.)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**AMARI J. MOODY**,   Plaintiff,
v.
 **NEW YORK INSTITUTE OF TECHNOLOGY** and **TIFFANI HINDS**, in her official and individual capacities,   Defendants.
 Civil Action No. _____

# COMPLAINT

## I. INTRODUCTION

Plaintiff **Amari J. Moody** brings this action under the **Americans with Disabilities Act (ADA Title II)**, **Section 504 of the Rehabilitation Act**, and the **Family Educational Rights and Privacy Act (FERPA)** to obtain **injunctive, declaratory, and compensatory relief** for unlawful discrimination, retaliation, and record alteration during his attendance at **New York Institute of Technology (NYIT)**.

Plaintiff proceeds **pro se** and requests a **waiver of filing fees** due to indigency.

Unless this Court intervenes, Plaintiff faces continued loss of federally protected records, personal property, and legal correspondence, constituting **irreparable harm** that cannot be remedied by monetary relief.

## II. JURISDICTION AND VENUE

1. Jurisdiction is proper under **28 U.S.C. §§ 1331 and 1343(a)(3)**; **42 U.S.C. §§ 12132, 12203**; and **29 U.S.C. § 794(a)**.

2. Venue lies in this District under **28 U.S.C. § 1391(b)(2)** because the acts complained of occurred in **New York County and Nassau County, New York**, where NYIT operates its primary administrative offices.

## III. PARTIES

1. **Plaintiff Amari J. Moody** is a former NYIT student with a documented disability who submitted formal medical and academic accommodation requests between **May and June 2025**.

2. **Defendant New York Institute of Technology (NYIT)** is a federally funded private institution of higher education subject to **ADA Title II**, **Section 504**, and **FERPA**.

3. **Defendant Tiffani Hinds** served as **Associate Provost for Student Engagement and Development**, overseeing academic, housing, and financial aid operations that directly affected Plaintiff.

## IV. FACTUAL ALLEGATIONS

1. Between **May 6 and June 11, 2025**, Plaintiff submitted multiple ADA and Section 504 accommodation requests and medical documentation, including requests for reduced course load, Incomplete grades, and continued access to housing and mail.

2. NYIT acknowledged receipt of medical documentation but failed to engage in the interactive process or issue written accommodation determinations.

3. Faculty granted **Incompletes** in three courses (**Physics, Calculus, Computer Science**) based on Plaintiff's documented medical needs.

4. Within weeks, under **Defendant Hinds' direction**, the **Registrar** retroactively changed those Incompletes to **Withdrawn** and subsequently **Never Attended**, contradicting faculty records.

5. On **June 30, 2025**, Defendant Hinds issued a "Start Fresh" letter advising Plaintiff to restart his academic program in Fall 2025, effectively voiding the Spring term.

6. NYIT's **Housing and Student Affairs offices**, under Hinds' authority, issued **property removal notices** in July–August 2025 and refused to forward mail, despite prior medical notice.

7. Plaintiff's **personal property and mail** were retained or destroyed without written authorization or opportunity for retrieval.

8. On **September 23, 2025**, NYIT reported Plaintiff as **"Never Attended"** to the U.S. Department of Education, triggering loan reversals and Title IV compliance errors.

9. Between **October 14–18, 2025**, Plaintiff filed formal complaints with the **DOE Student Privacy Policy Office (SPPO)**, **Office for Civil Rights (OCR)**, **Office of Inspector General (OIG)**, and the **New York State Education Department (OCUE)**.

10. NYIT continues to withhold records and property, causing ongoing and irreparable harm.

---

## V. CLAIMS FOR RELIEF

### Count I – ADA Title II and Section 504 (Failure to Accommodate and Retaliation)

Defendants failed to provide reasonable accommodations after receiving documentation of Plaintiff's disability and retaliated through record alteration, property interference, and financial-aid obstruction.
 (42 U.S.C. §§ 12132, 12203; 29 U.S.C. § 794(a))

### Count II – FERPA (Record Alteration and Access Denial)

Defendants altered Plaintiff's education records, falsely reporting "Never Attended," and ignored timely access requests beyond the 45-day period required by **34 C.F.R. § 99.10(b)**.

### Count III – Title IV Misrepresentation (Declaratory Relief)

Defendants knowingly submitted false enrollment data under **34 C.F.R. § 668.22**, causing termination of federal aid and reputational harm.

### Count IV – Deprivation of Property and Mail (Equitable Relief)

Defendants unlawfully retained Plaintiff's belongings and mail, violating university policy and federal due process principles.

## VI. FEDERAL COMPLAINT FILINGS (EXHAUSTION OF ADMINISTRATIVE REMEDIES)

1. Plaintiff filed formal disability and retaliation complaints with the **U.S. Department of Education, OCR** (Case No. 02-25-2503), which acknowledged jurisdiction.

2. On **September 30, 2025**, OCR dismissed the complaint only for procedural reasons (unsigned consent), not for lack of merit.

3. On **September 9, 2025**, Plaintiff submitted a **FERPA complaint** to the DOE's **SPPO**, outlining record alteration and access denial.

4. On **October 14, 2025**, Plaintiff filed supplements with the **OCR**, **OIG**, and **OCUE**, documenting continued retaliation and misreporting.

5. These filings establish that Plaintiff **exhausted administrative remedies**, and further agency pursuit would be **futile**.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:
 a. Issue a **Temporary Restraining Order and Preliminary Injunction** compelling Defendants to preserve and return all property and mail and produce Plaintiff's education records;
 b. Declare that Defendants violated **ADA Title II**, **Section 504**, and **FERPA**;
 c. Order correction of Plaintiff's academic record to reflect original **Incomplete grades**;
 d. Order Defendants to **preserve all physical and electronic evidence**;
 e. Award compensatory and statutory damages under **29 U.S.C. § 794a** and **42 U.S.C. § 12203(c)**;
 f. Award attorney's fees (if counsel later appears) under **42 U.S.C. § 12205**; and
 g. Grant any other relief deemed just and proper.

## VIII. VERIFICATION AND SIGNATURE

I declare under penalty of perjury that the foregoing is true and correct.
 Executed on **October 21, 2025**.

/s/ **Amari J. Moody**
2390 Millwater Crossing
Dacula, GA 30019
amoodyjames23@gmail.com
470-755-0445

---

## EXHIBIT INDEX

| Label | Title | Purpose / Description |
|---|---|---|
| **A1** | ADA Accommodation Requests | Establishes Plaintiff's documented disability and initiation of protected activity under ADA/Section 504. |
| **A2** | SAP Appeal | Shows good-faith compliance efforts and NYIT's inconsistent application of academic policy. |
| **B1** | ADA Violations & Consistent Delays | Demonstrates NYIT's failure to engage in the interactive process and retaliatory communications. |
| **C1** | June 30 "Start Fresh" Letter | Establishes constructive expulsion and denial of academic continuation. |
| **C2** | October 9 Letter | Demonstrates continuing retaliation and refusal to reinstate records or mail/property access. |
| **D1** | July 28 Mail Obstruction | Documents interference with federally protected correspondence. |

| | | |
|---|---|---|
| D2 | Property & Mail Custody Documentation | Proves spoliation risk and administrative mishandling of Plaintiff's belongings. |
| D3 | Mail Interference (Crashout Exchanges) | Establishes ongoing interference and irreparable harm. |
| E1 | August 22 Hinds Letter | Links administrative misconduct to property seizure and mail obstruction. |
| F1 | FERPA Request & Litigation Hold (Sept. 12 & Sept. 24) | Demonstrates formal record-access and preservation demands ignored by NYIT. |
| F2 | OCR Dismissal Letter (Case No. 02-25-2503, Sept. 30, 2025) | Confirms federal exhaustion and procedural-only dismissal. |
| F3 | SPPO FERPA Complaint Form (Sept. 9, 2025) | Confirms FERPA complaint filing for record alteration and access denial. |
| F4 | Mail, Property, FERPA Interlink | Shows connection between mail obstruction, FERPA violations, and retaliation. |
| F5 | OIG Complaint (Oct. 14, 2025) | Establishes false Title IV reporting allegations and federal referral. |
| F6 | OCR Supplement (Oct. 14, 2025) | Expands ADA/504 retaliation filings and continuing pattern evidence. |
| F7 | OCUE Supplement (Oct. 14, 2025) | Confirms state-level exhaustion of education oversight remedies. |

| | | |
|---|---|---|
| **G1** | Financial Aid Reversal Notice | Evidence of improper Title IV adjustments and retaliation via aid control. |
| **G2** | Registrar Record Tampering Notice | Confirms alteration of grades and attendance records under Hinds' direction. |
| **G3** | Forged Aid Notice | Demonstrates submission of falsified federal aid data. |
| **H1** | Unanswered Aid Reallocation Request (May 13, 2025) | Shows good-faith reallocation request ignored by NYIT. |
| **H2** | Housing Payment Threat (June 12, 2025) | Demonstrates coercive conduct tied to housing and financial retaliation. |