Outlook

**Re: FERPA Records Request and Litigation Hold**

| | |
|---|---|
| **From** | Amari Moody <amoody@nyit.edu> |
| **Date** | Fri 9/12/2025 12:56 PM |
| **To** | Tiffani Hinds <tblake@nyit.edu>; NYIT Registrar <registrar@nyit.edu>; NYIT Office of the President <nyitop@nyit.edu> |
| **Cc** | Amari Moody <amoodyjames23@gmail.com>; FERPA.Complaints@ed.gov <FERPA.Complaints@ed.gov>; OCR@ed.gov <OCR@ed.gov>; oig.hotline@ed.gov <oig.hotline@ed.gov>; Ombudsman@ed.gov <Ombudsman@ed.gov>; info@dhr.ny.gov <info@dhr.ny.gov>; Civil.Rights@ag.ny.gov <Civil.Rights@ag.ny.gov>; ConsumerFrauds@ag.ny.gov <ConsumerFrauds@ag.ny.gov>; legal@nysed.gov <legal@nysed.gov>; HUDComplaintsOffice@hud.gov <HUDComplaintsOffice@hud.gov> |

1. Wrong Authority (FERPA Custodian Violation)

FERPA requires the Registrar or designated FERPA officer to handle records requests.

You are not the FERPA custodian. By responding on behalf of the Registrar, you are acting outside your scope and interfering in a statutory process.

This alone is a procedural FERPA violation.

2. Denial of Access by Misrepresentation

You wrote: "FERPA entitles you access to your education records… It does not entitle you to copies of, nor access to, every document you are seeking."

This is false and misleading. FERPA entitles me to all education records directly related to me (34 C.F.R. §99.3, §99.10). That includes emails, internal notes, disability documentation, registrar change logs, housing/mailing records, etc.

DOE/SPPO has held repeatedly that institutions cannot unilaterally limit access.

3. Retaliatory Language

You said: "Given the breadth of your request and current updates to your record based on your non-compliance…"

By tying my FERPA rights to your alleged "non-compliance," you are retaliating against me for asserting legal rights.

Under Section 504 & ADA, retaliation occurs when adverse actions are tied to protected activity (me filing ADA/FERPA complaints).

OCR views this as textbook retaliation.

4. Unreasonable Access Conditions

FERPA requires institutions to provide access within 45 days and to arrange "reasonable" means of access.

You are requiring me to appear in person after Oct. 10.

I requested electronic access (PDFs). FERPA does not require in-person review if it is not feasible due to distance or disability (34 C.F.R. §99.10(d)).

Since I'm out of state and medically disabled, this condition is discriminatory and unreasonable.

5. Improper Mixing of Property & Records

You links your FERPA records inspection with retrieving my personal belongings ("we can coordinate viewing your documents, along with retrieving your personal items").

That is wildly inappropriate. FERPA rights are about my education records, not bargaining for access to my belongings.

This makes the process coercive and strengthens my retaliation claim.

6. Conflict of Interest

You are one of the very administrators whose actions are being challenged (ADA violations, transcript manipulation, housing discrimination).

For you to respond to a FERPA request about your own conduct is a conflict of interest.

This is evidence of procedural avoidance and bad faith handling.

7. Potential Spoliation Issue

I placed a litigation hold (Sept. 5).

You acknowledged it ("internal hold on your record"), but this does not:

Identify a custodian,

Commit to preserving all records (emails, logs, etc.),

Guarantee against alteration.

If records disappear, this is spoliation — sanctionable in court.

FERPA Rights (20 U.S.C. §1232g; 34 C.F.R. Part 99):

Right to inspect and review all records directly related to me.

Right to copies when circumstances make in-person inspection unreasonable (disability, distance).

Right to a response within 45 days from the custodian of records (Registrar, not Hinds).

ADA / §504 Rights:

Right to reasonable accommodation in how you access your records (electronic access instead of in-person).

Protection from retaliation when asserting my legal rights.

Due Process / Consumer Protection (State):

NYDHR: Disability discrimination and retaliation.

NY AG (GBL §349): Misrepresentation of my FERPA rights and conditioning access on housing/property disputes.

Litigation Hold Protections:

If they alter, destroy, or "lose" records after my notice, I can invoke spoliation sanctions.

---

**From:** Tiffani Hinds <tblake@nyit.edu>
**Sent:** Friday, September 12, 2025 11:55 AM
**To:** Amari Moody <amoody@nyit.edu>
**Subject:** Re: FERPA Records Request and Litigation Hold

Dear Amari,

New York Tech is in receipt of your litigation hold notice and is implementing an internal hold on your record.

Please note FERPA entitles you access to your education records, as maintained by the institution. It does not entitle you to copies of, nor access to, every document you are seeking. Given the breadth of your request and current updates to your record based on your non-compliance, we anticipate having records available for your inspection after October 10, 2025. Please inform us of your ability to come in-person to review your records.

We have also temporarily moved and stored your personal belongings at our Jericho Residence Hall on Long Island. We can coordinate the viewing of your documents, along with retrieving your personal items, to occur on the same day (after October 10, 2025), if possible.

I look forward to hearing from you.

Thank you,

**Tiffani L. Hinds, Ed.D.**
Associate Provost for Student Engagement & Development
Academic Affairs
Pronouns: *She, Her, Hers*

26 West 61st Street, Room 215, NYC Campus
Student Activities Center, Room 208, Old Westbury Campus
tel: 516.686.1488
email: tblake@nyit.edu

Twitter | Facebook | Instagram

Student Updates for the New York Campuses

Download New York Tech's new security app, Tech Safe, today!

- App Store for Apple
- Google Play Store for Android





Register for the Fair on Handshake!



*First Scholars Network offers a national model for scaling holistic first-generation student success by engaging and empowering institutions.*

---

**From:** Amari Moody <amoody@nyit.edu>
**Sent:** Monday, September 8, 2025 3:06 PM
**To:** NYIT Registrar <registrar@nyit.edu>
**Subject:** Re: FERPA Records Request and Litigation Hold

Unsurprisingly this looks like another email that went ignored and probably going to get some ridiculous excuse attempting to gaslight me into being the "bully" despite the varying textbook & black letter violations cited within the institution. Sad.

---

**From:** Amari Moody <amoody@nyit.edu>
**Sent:** Friday, September 5, 2025 12:05 PM
**To:** NYIT Registrar <registrar@nyit.edu>
**Subject:** FERPA Records Request and Litigation Hold

Dear Registrar,

I am submitting this request under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g and 34 C.F.R. Part 99, for full access to my education records. Under FERPA, NYIT is required to allow inspection and review of my records within 45 days.

In addition, given the ongoing disputes and legal implications of NYIT's actions, I am also placing the institution on formal notice of a litigation hold. All records identified below must be preserved in their original form and produced without alteration or destruction.

**Records Requested (non-exhaustive):**

1. **Academic Records**

   - Complete transcript history, including grade-change logs (e.g., Incompletes converted to Withdrawals).

   - Registrar notations, SAP calculations, and any internal communications regarding my Spring 2025 coursework.

   - Faculty submissions/approvals related to Incompletes, Withdrawals, or medical withdrawals.

2. **Financial Aid & Bursar Records**

   - SAP computations, appeal submissions, and internal determinations tied to my aid eligibility.

   - Communications regarding Return to Title IV (R2T4) adjustments, bursar holds, and collections.

3. **Housing & Mail Records**

   - Housing contracts, communications, and notices regarding payment, eviction, or belongings removal.

   - Logs of mail/packages received and any related refusal/forwarding instructions.

4. **Accessibility / ADA Records**

   - Documentation of my disability accommodation requests, determinations, and communications with Accessibility Services, Title IX/EO, or the Provost's office.

   - Any internal memoranda, meeting notes, or investigation reports related to ADA/504 compliance.

5. **Internal Communications (Preservation Required)**

   - Emails, notes, and memoranda from Registrar, Financial Aid, Housing, Accessibility Services, and the offices of Ms. Hinds, Ms. Wallace, Dr. Henao, Ms. Heim, Ms. Schorr, and Ms. Rakers referencing my status, accommodations, transcript, aid, or belongings.

**Preservation Directive:**
This request doubles as a litigation hold. All electronic and physical records—including emails, chat logs, portal messages, housing systems, and mailroom logs—must be preserved in full pending regulatory and legal review. Destruction, alteration, or omission of responsive records will be treated as spoliation.

**Delivery of Records:**
I request copies of these records in electronic format (PDF or equivalent) within the FERPA-

required timeframe. Please confirm receipt of this request and identify the custodian assigned to handle production.

Thank you for your immediate attention.

Sincerely,
Amari J. Moody
ID: #1359341