USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___ 1/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AMARI J. MOODY,

                               **Plaintiff,**

              -against-

NEW YORK INSTITUTE OF TECHNOLOGY
and TIFFANI HINDS,

                            **Defendants.**
-------------------------------------------------------------------X

25-CV-08730 (MMG)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge**:

Plaintiff, proceeding on his own behalf, alleges that the Defendants violated his rights under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Family Educational Rights and Privacy Act ("FERPA"). He sues the New York Institute of Technology ("NYIT") and NYIT Associate Provost for Student Engagement and Development Tiffani Hinds.

Since the initiating summonses were issued, Plaintiff has filed approximately 20 documents seeking relief on numerous grounds. This bombardment of filings is improper and delays the Court's resolution of the case. Plaintiff is directed to refrain from filing further documents unless ordered by the Court. The Court has endeavored to address Plaintiff's many filings, but he is warned that repeated serial filings may result in sanctions for being a vexatious litigant.

Plaintiff complains of docket mismanagement and seeks "supervisory relief and record correction." ECF Nos. 52, 56. Given the volume of cases that the Clerk's Office processes, it is standard for there to be a slight processing delay with uploading *pro se* filings to the docket.[1]

---

[1] Where docket numbers are sequenced out of order, the parties may refer to the "Date Filed" date to see when the document was received by the Court, which in some instances may be before the "Entered" date.

Any delay with processing Plaintiff's filings has not been substantial and has not prejudiced Plaintiff. The Court finds no instance of the Clerk's Office allegedly processing only some of Plaintiff's filings while withholding others. Additionally, Plaintiff states that he lacks access to the Court's October 27, 2025 Order, at ECF No. 8. See ECF No. 57 at 3. That Order was entered exclusively on the docket (a so-called "text only order") and there is no associated order that was not provided to Plaintiff. Plaintiff also moves to suspend briefing on the pending motion to dismiss to address "structural defects" on the docket. ECF Nos. 61, 64. Such relief is not warranted for the reasons set forth in this Order.

Plaintiff filed several subpoena requests and moved to compel non-party discovery. ECF Nos. 42–49, 55. The Court has not authorized discovery at this time. ECF No. 51. Accordingly, the motion for leave to serve non-party discovery is denied.

Plaintiff moves to have this case reassigned to a new "Article III judge" and later moves for judicial recusal. ECF Nos. 60, 62. On January 8, 2026, the "Article III" District Judge referred to me the Defendants' pending motion to dismiss pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 33. Pursuant to this referral, I will issue a Report & Recommendation on the motion, and both parties will have an opportunity to file any objections, pursuant to Federal Rule of Civil Procedure 72(b). Such referral is commonplace in federal courts and is, therefore, not grounds for reassignment. To the extent Plaintiff seeks my disqualification pursuant to 28 U.S.C. § 455, he has not set forth facts, and the Court is unaware of any facts, that would reasonably question my impartiality. Accordingly, the motions for reassignment and recusal are denied.

Finally, Plaintiff seeks a temporary restraining order against Defendants and the Court, and he seeks to vacate a Court order. See ECF Nos. 57, 65, 67. Plaintiff may not obtain a restraining order against the Court, and the issues raised related to docketing are addressed in this

Order. Plaintiff is not entitled to have a Court Order vacated. If he is aggrieved by a Court Order, he may file an appeal to the Court of Appeals, as permitted under the rules and statutes governing any such appeal. Defendants are already under an obligation to preserve documents and other discovery that may be sought in this litigation, and the Court has repeatedly stated as much to Plaintiff and the Defendants. ECF Nos. 8, 26. Further applications regarding this issue are not warranted.

Separately, the Defendants have filed a motion to dismiss, to which the Plaintiff has timely responded. ECF Nos. 53, 66. No further opposition briefing to the motion to dismiss will be accepted. To be clear, the Court does not perceive Defendants' motion to be "uncontested." Relatedly, Plaintiff moves for Rule 11 sanctions based on Defendants' filings associated with their motion to dismiss and raises additional factual challenges in a motion for judicial notice. ECF Nos. 59, 63. Defendants may respond to the motion for sanctions and the allegations raised in ECF No. 59 in their reply brief, which shall be filed no later than Thursday, February 5, 2026.

## CONCLUSION

Plaintiff may not file repeated motions seeking the same relief over and over again. The Court has tried to address all of Plaintiff's requests to assure him that they have been received and considered. To the extent not explicitly addressed in this Order, any other requests for relief are denied as meritless. Plaintiff is warned that the Court may summarily deny future applications seeking relief on the same grounds. Plaintiff risks sanctions if he continues to abuse the judicial process.

The Clerk of Court is requested to close the motions at ECF Nos. 52, 55, 56, 57, 60, 61, 62, 64, 65, & 67. Because Plaintiff's motions at ECF Nos. 59 and 63 arguably raise challenges to

Defendnats' motion to dismiss, the Defendants shall address such issues in their forthcoming

reply brief, due on February 5, 2026.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:        January 29, 2026
              New York, New York

4